OPINION
This appeal by the State is directed to a judgment of the Court of Common Pleas of Montgomery County sustaining a motion of the defendant, Jeffrey Burney, to suppress evidence.
On September 21, 1998, at about 2:30 a.m., officers were dispatched to McOwen Street after being advised by an anonymous tip that a person was asleep behind the wheel of a parked car, and upon arrival at the scene, the officers observed the defendant asleep behind the wheel of his car, which was legally parked in the vicinity of his residence at 34 McOwen Street.
While approaching the vehicle, the officers noticed that the keys were not in the ignition, but were in Burney's hand in his lap. They then tapped on the window of the car, at which time the defendant lifted his head, opened his eyes, and acknowledged the police officer. Burney then complied with the request of the officer that he get out of his car, and he further provided the officer with identifying information, which verified, among other things, that the car in which he was found was legally registered to him.
During the confrontation with the defendant, the officer detected a strong odor of alcohol and slurred speech, and he testified that Burney stumbled as he stepped from his car. And as a result of these observations, Burney was placed in the rear of the police cruiser and notified that he was being arrested for public intoxication.
Subsequently, as Burney was being booked and processed at the Montgomery County Jail, two grams of crack cocaine were found in his pants pocket, and such contraband was the subject of the motion to suppress filed in this case.
In the present appeal, the State has set forth its only assignment of error as follows:
 THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S MOTION TO SUPPRESS WHEN THE EVIDENCE WAS SEIZED IN ACCORDANCE WITH THE APPLICABLE LAWS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION.
In support of the alleged error, the State relies upon Statev. Tillman (Sept. 30, 1993), Montgomery App. No. 14060, unreported, but in that case, there was at least some evidence that Tillman might have required medical assistance and might have been unable to provide for his own safety. Among other things, Tillman was not aroused when the arresting officer shined his flashlight on him, and the officer was required to shake Tillman for some time before he was able to awaken him.
In this regard, the trial court reasoned in the penultimate paragraph of its decision as follows:
 Defendant argues, inter alia, that the police were without probable cause to arrest him for public intoxication. This court agrees. Accepting the officers' testimony as completely true and in a light most favorable to the prosecution this court is of the opinion that these facts do not rise to the level of probable cause for an arrest for public intoxication. There is simply no evidence to suggest that the defendant required medical care or was otherwise unable to provide for his own safety. Evidence flowing from an illegal arrest cannot be used to convict defendant.
In the present case, the defendant was simply sitting peaceably in his car, which was legally parked near his residence, and he responded agreeably when the officer tapped on the window and asked him to step out of the vehicle. Compare State v. Parks
(1990), 56 Ohio App.3d 8. Hence, this court is not disposed to interfere with the conclusion of the Common Pleas Court. In fact, the evidence in this case, which raises no reasonable suspicion of criminal activity, was probably insufficient to justify aTerry-type intrusion and detention. See State v. Long (1998),127 Ohio App.3d 328.
In the Long case, supra, which has many characteristics similar to those of the present case, and which was authored by the Honorable Earl E. Stephenson of the Fourth District Court of Appeals, the court judicially noticed that "there is no law that prohibits an intoxicated person from sleeping it off in a car."
Accordingly, and this being the case, the alleged error must be overruled. The judgment will be affirmed.
BROGAN, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Johnna M. Shia, Mark A. Zugelder, Hon. David G. Sunderland